

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

RICE DANIEL
ORNEY GENERAL

August 6, 1952

Hon. D. C. Greer
State Highway Engineer
State Highway Department
Austin, Texas

Opinion No. V-1493

Re: Effect of the act creating
the Board for Lease of High-
way Commission lands upon
the previous authority of
the Highway Commission re-
specting these lands.

Dear Sir:

You have requested an opinion upon the follow-
ing problem:

"Lands acquired by the Highway Commission by
purchase, condemnation or otherwise to be used for
rights of way for State Highways, and which are no
longer needed for highway right of way purposes or
by citizens as a road, because of the changing of
the route or abandonment of such highway, have for
many years been disposed of by requesting the Gov-
ernor to execute quit claim deeds to such lands after
the proposed transfers have been approved by the At-
torney General. This procedure seems to be in line
with the authority contained in Article 6673a of Ver-
non's Civil Statutes and, possibly in some instances,
by Article 6674q-9.

"Since the 52nd Legislature enacted Senate Bill
354 creating Boards for the leasing of all State
owned lands for oil, gas and mineral development, we
are wondering if it repeals all or a part of Article
6673a and 6674q-9, or in any manner limits the au-
thority of the Highway Commission to dispose of such
changed or abandoned right of way as it has in the
past."

Article 6673a, V.C.S., provides as follows:

"Wherever the State Highway Commission has
acquired or shall hereafter acquire any land by
purchase, condemnation, or otherwise to be used
as a right of way for any State Highway and there-
after the route of such Highway was or shall be

changed or abandoned, and any such right of way
be no longer needed for such Highway, or needed
for use of citizens as a road, the State Highway
Commission may recommend to the Governor that
such land be sold and that he execute a deed con-
veying all the State's right, title, and interest
in such land so acquired. Upon the recommenda-
tion of the Commission, the Governor may execute
a proper deed conveying and/or exchanging such
land for different land belonging to the same per-
son or persons. It shall be the duty of the Com-
mission to fix the fair and reasonable value of
all such land and advise the Governor thereof.
Provided that where such land is given to the State,
the Governor may return the same by proper deed to
the person or persons from whom the same is received.
All money derived from the sale of such land shall
be deposited with the funds from which it was orig-
inally taken. The Attorney General shall approve
all transfers under this Act."

The portions of Article 5382d, V.C.S. (Acts 52nd
Leg., R.S. 1951, ch. 325, p. 556) which are material to the
creation of boards to lease State-owned lands are as follow.

"Section 1. There is hereby created Boards
for lease of lands owned by any Department, Board
or Agency of the State of Texas . . .

"Section 2. All lands or any parcel of same
now owned by, or that may hereafter be owned by, or
held in trust for the use and benefit of, a Depart-
ment, Agency or Board may be leased by the appro-
priate Board for Lease to any person or persons,
firms, or corporations subject to and as provided
for in this Act, for the purpose of prospecting or
exploring for and mining, producing, storing, car-
ing for, transporting, preserving, selling and dis-
posing of the oil, gas or other minerals.

"Section 4. Whenever in the opinion of the
appropriate Board for Lease there shall be such a
demand for the purchase of oil, gas or mineral leas-
es on any lot or tract of land subject to the con-
trol of the Board as will reasonably insure an
advantageous sale, the Board for Lease shall place
such oil, gas or mineral leases on the market in
such tract or tracts as the Board for Lease may
designate. . . .

Section 15 provides that "all laws and parts of laws in conflict herewith are hereby expressly repealed" with several exceptions not material to this opinion.

It is clear that Article 6673a is not repugnant to Article 5382d.  Article 6673a authorizes the conveyance of an abandoned right-of-way, but it does not grant the power to lease such right-of-way for oil and gas purposes.  Att'y Gen. Op. 0-2481 (1940).  Article 5382d provides a procedure whereby lands owned by any state department may be leased for mineral development.  No part of this article provides for the sale of lands owned by a department. There being no repugnance between the two statutes, they should be allowed to stand together.  This rule of statutory construction was expressed by the Supreme Court in Winterman v. McDonald, 129 Tex. 275, 283, 102 S.W.2d 167, 171 (1937), as follows:

"Repeal of laws by implication is not favored.  39 Tex. Jur., Section 75, p. 140: 59 C.J., Section 510, p. 905.  In the absence of an express repeal by statute, where there is no positive repugnance between the provisions of the old and new statutes, the old and new statutes will each be construed so as to give effect, if possible, to both statutes. 39 C.J., Section 75, p. 140."

If Article 5382d should be construed as repealing Article 6673a, the result would be that there would be no method of selling an abandoned right-of-way. It is extremely doubtful that the Legislature intended to leave the State without a method for selling land which is no longer of any use to the State or to the public.

You are therefore advised that Article 5382d, which you refer to as Senate Bill 354, does not require you to change your methods of selling abandoned rights-of-way as authorized by Article 6673a.  It merely operates to subject the land to the possibility of being leased for oil and gas development by the Board for Lease.

## SUMMARY

Article 5382d, V.C.S. (Acts 52nd Leg.,R.S. 1951, ch. 325, p. 556), relating to the leasing

of State owned lands for oil, gas, and mineral development, does not repeal the power of the State Highway Department to sell abandoned rights-of-way according to the methods prescribed in Article 6673a, V.C.S.

Yours very truly,

APPROVED:

Jesse P. Luton, Jr.
Land Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

TB:bt:jrb

PRICE DANIEL
Attorney General

By *Thomas Black*

Thomas Black
Assistant